**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

**MARCO MOLINA** )
)
**Plaintiff,** )
)
**v.** )
)
**NEW AGE CRYO, INC.** )
)
**Defendant.** )

## COMPLAINT

Plaintiff, Marco Molina, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against New Age Cryo, Inc. (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay Plaintiff overtime wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Marco Molina resides and is domiciled in this judicial district.

5. Plaintiff Marco Molina is a former employee of Defendant.

6. During the course of his employment, Plaintiff Molina handled goods that moved in interstate commerce, was sent outside of the state of Illinois to perform work, and performed non-exempt work.

7. Defendant New Age Cryo, Inc. has its headquarters and corporate offices within this judicial district. Defendant New Age Cryo, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant New Age Cryo, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

9. Defendant operates an industrial cleaning company.

10. Plaintiff Molina was a non-exempt, hourly employee.

11. Plaintiff Molina worked over 40 hours in certain workweeks, but was not paid for all overtime hours worked.

12. In the two week pay period ending on May 2, 2015, Plaintiff worked 96 hours and was not paid overtime.

13. Upon information and belief, Defendant has paid former co-workers of Plaintiff Molina for violations of the FLSA.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

14. This count arises from Defendant's violation of the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq*., for Defendant's failure to pay overtime wages to Plaintiff.

15. Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

16. Defendant were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

18. Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours in certain work weeks.

19. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

20. Defendant did not compensate Plaintiff for all hours he worked in excess of 40 hours in individual workweeks.

21. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

23. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

24. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

25. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

26. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

27. Defendant failed to pay Plaintiff for all hours worked in excess of 40 hours per week.

28. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

34. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 11, 2017

**MARCO MOLINA**

By: _/s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com